UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

TASHMAINE M. FORDE,
An Individual,

    Plaintiff,

v.


CAR AUTO HOLDINGS LLC,
d/b/a PALMETTO ALFA ROMEO-FIAT,
A Florida Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TASHMAINE M. FORDE ("**Plaintiff**"), brings this action against Defendant, CAR AUTO HOLDINGS LLC., d/b/a PALMETTO ALFA ROMEO-FIAT ("**Dealer**" or "**Defendant**"), a Florida Limited Liability Company, under the Consumer Leasing Act ("**CLA**"), 15 U.S.C. § 1667, and its implementing regulations, 12 C.F.R. § 1013 *et seq.* ("Regulation M").

### JURISDICTION AND VENUE

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claim arises from the CLA, a federal statute. 15 U.S.C. § 1667d(c).

2. Venue is proper before this Court because the acts and transactions

giving rise to Plaintiff's action occurred in this district and Defendant transacts business in this district.

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in Broward County, Florida.

4. Defendant was at all relevant times, doing business in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

5. In November of 2019, Defendant leased a new 2019 Alfa Romeo Stelvio ("Vehicle") to Plaintiff.

6. The Vehicle was leased under a Closed End Motor Vehicle Lease Agreement ("Lease") prepared by the Defendant. A copy of the Lease is attached as Exhibit "A."

7. In the Lease, Defendant provided Plaintiff with the option to buy the Vehicle at the end of the lease term: "You have an option to buy the Vehicle at the end of the Lease term for $24,936.10, plus official fees and taxes." Ex. A, Sec. 9, Ln. 1-2.

8. The total purchase option price was $24,936.10. ("**Purchase Option Price**"). Ex. A, Sec. 9.

9. The Lease did not disclose any other fees or costs to be added to the

Purchase Option Price for Plaintiff to exercise the purchase option.

10. Plaintiff reasonably relied on these terms, including the Purchase Option Price, when agreeing to the Lease.

11. In February of 2023, Plaintiff visited Defendant to exercise the purchase option.

12. To Plaintiff's surprise, Defendant required Plaintiff to pay a total of $27,936.00 as the cash price to buyout the Vehicle, as well as a $985.00 "Predelivery Service Charge".

13. The payment of $2,999.90 above and beyond the Purchase Option Price, along with the $985.00 "Predelivery Service Charge," were not official fees.

14. Defendant never disclosed the payment of an additional $2,999.90 above and beyond the Purchase Option Price, nor the $985.00 "Predelivery Service Charge" in the Lease as part of the Purchase Option Price.

15. Defendant's failure to honor the Purchase Option Price in the Lease was the cause of Plaintiff's harm, as Plaintiff was left with no choice but to pay the additional fees that are contrary to the amount stated as the purchase price in the Lease.

## COUNT I AS TO DEFENDANT'S VIOLATION OF FEDERAL CONSUMER LEASING ACT 15 U.S.C. § 1667a

16. The CLA governs the disclosures in the Lease because the lease term ran for 35 months and was for less than $58,300. 15 U.S.C. § 1667(1).

17. Plaintiff is a natural person who leased the Vehicle primarily for personal, family, and household purposes. 15 U.S.C. § 1667(1)-(2).

18. Defendant had to comply with the CLA's disclosure requirements because it was a "lessor" under the CLA.

19. Defendant has leased, offered, or arranged to lease vehicles more than five times in the preceding calendar year or more than five times in the current calendar year. 15 U.S.C. § 1667(3); Reg. M § 1013.2(h).

20. As described above, Defendant had substantial involvement in the lease transaction with Plaintiff.

21. Upon information and belief, Defendant financially gains on the resale of the vehicle at the end of the Lease term.

22. The Lease is governed by the disclosure requirements of 15 U.S.C. § 1667a and 12 C.F.R. § 213.4.

23. The disclosure of the purchase option price in the Lease had to be accurate, clear, conspicuous, and complete. 12 CFR § 1013.3(a).

24. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of an additional amount of $2,999.90 above and beyond the Purchase Option Price and the $985.00 "Predelivery Service Charge" were required to exercise the purchase option at the end of the lease.

25. Defendant violated 15 U.S.C. § 1667 and 12 CFR § 1013.4(i) by choosing not to disclose in the purchase option price that payment of $3,984.90 more than the Purchase Option Price was required to exercise the purchase option at the end of the lease.

26. Defendant violated 12 CFR § 1013.3(a) because the Purchase Option Price was unclear, inaccurate, and incomplete.

27. These omissions were material to Plaintiff's decision to enter into the Lease, and Plaintiff detrimentally relied on these material omissions.

28. Plaintiff suffered financial loss in that Plaintiff paid $3,984.90 more than what the Lease required to buy the Vehicle.

29. Plaintiff also paid an inflated amount as and for sales tax on the buyout transaction.

30. Had Defendant provided an accurate, complete, and clear Purchase Option Price in the Lease, which it was required to do, Plaintiff would have negotiated better terms or declined to lease the Vehicle.

31. Defendant's illegal conduct was the actual and proximate cause of the actual damages suffered by Plaintiff which includes, *inter-alia*, an inflated sales tax.

32. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover actual and statutory damages from Defendant, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendant as follows:

    A.    Actual and Statutory Damages as provided by law;

    C.    Pre-judgment and post-judgment interest, as allowed by law;

    D.    Reasonable attorneys' fees and costs;

    E.    Injunctive relief requiring Defendant to honor its obligation under its Lease agreements to sell the Leased vehicles for the price identified on the Lease agreement; and

    F.    Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Sarah Cibula Feller
Darren R. Newhart, Esq.
FL Bar No: 0115546
**Sarah Cibula Feller, Esq.**
FL Bar No: 1027809
E-mail: sarah@newhartlegal.com
darren@newhartlegal.com
**NEWHART LEGAL, P.A.**
14611 Southern Blvd. Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile:  (561) 473-2946
*Counsel for the Plaintiff*

/s/ Joshua Feygin
**Joshua Feygin, Esq.**
FLORIDA BAR NO: 124685
Email:  Josh@Sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
1930 Harrison Street Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357
*Counsel for the Plaintiff*